# Supreme Court of Texas

No. 21-0509

Finley Resources, Inc., Finley Production Co., L.P. and Petro Canyon Energy, LLC,

*Petitioners*,

v.

Headington Royalty, Inc. and Headington Energy Partners, LLC,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE BOYD, concurring.

I find no fault with the Court's conclusion that the term "predecessors" as used in this acreage-swap agreement refers only to "corporate predecessors." *Ante* at ___. For all the reasons the Court explains, including "the linguistic and grammatical context in which" the term is used, *id.* at ____, I find that construction to be perfectly reasonable.

But Finley's proposed construction—that the term includes "predecessors in interest" or "predecessors in title"—is also quite reasonable. After all, the agreement refers broadly to all "predecessors,"

not specifically to "corporate predecessors," and as the Court itself concedes, "[c]ommonly understood, 'predecessor' could fairly embrace all the capacities Finley claims to hold" as predecessor "broadly means someone who precedes another." *Id.* at ___. The Court apparently finds that construction to be unreasonable although it never actually says so. To the extent it does, I must respectfully disagree. All the contextual and circumstantial clues the Court relies on certainly help make Headington's construction reasonable, and perhaps even more reasonable than Finley's construction, but they do not make Finley's construction *un*reasonable.

Because both proposed constructions are reasonable, the term is ambiguous. *See URI, Inc. v. Kleberg County*, 543 S.W.3d 755, 765 (Tex. 2018) (citing *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)). The ambiguity exists not just because the parties interpret the term differently but because both parties' interpretations are reasonable. *See id.*; *Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 743–44 (Tex. 2020). And it exists despite the parties' agreement that the term is *un*ambiguous. *See URI*, 543 S.W.3d at 763 (citing *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 787 (Tex. 2017); *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 808 (Tex. 2009)).

As the Court itself explains, we have emphatically and repeatedly held that a release is *only* effective as to releasees it identifies with "descriptive particularity"—so clearly that "a stranger could readily identify the released party" and its identity and connection to the

2

released claims "is not in doubt." *Ante* at ____ (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984)); *see Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). In the absence of such descriptive particularity—that is, when such doubt is present—the release is simply not effective as to that party. Here, the ambiguity creates such doubt. Did Headington release all claims against Petro Canyon's predecessors in interest or only against its corporate predecessors? We can't know for sure because both constructions are reasonable. The release is thus ambiguous as to that point. And because the ambiguity places Finley's identity as a released party in doubt, the release is simply ineffective as to Finley.

For these reasons only, I concur in the Court's judgment affirming the court of appeals' judgment and remanding the case to the trial court for further proceedings.

Jeffrey S. Boyd
Justice

**OPINION FILED:** May 12, 2023

3